**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | |
|---|---|
| <u>**CARMEN GENTRY**</u> | ) |
| *Plaintiff* | ) |
| | ) |
| **v.** | ) Civil Action No.2:20-cv-02194 |
| | ) |
| **GUARDIAN LIFE INSURANCE COMPANY,** | ) |
| **BANCORPSOUTH BANK; BANCORPSOUTH, INC** | ) |
| | ) |
| *Defendants* | ) |

<u>**COMPLAINT**</u>

COMES NOW Plaintiff, CARMEN GENTRY (hereafter "Plaintiff"), by and through her

attorney, G.E. Bryant III "Trae", of Bryant & Estell, LLC for this Complaint against Defendants,

GUARDIAN LIFE INSURANCE COMPANY ( referred to herein as the Plan Administrator);

BANCORP SOUTH BANK (herein referred to as the Employer) and BancorpSouth, Inc (herein

referred to as the Joint Employer alleges and states as follows:

<u>**I. PRELIMINARY STATEMENT**</u>

1.  This is an action arising under the Employee Retirement Income Security Act of

1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of Plaintiff to future benefits under such plan, to recover attorney fees and costs and obtain other relief as provide by applicable law.

2. That this action is correctly filed as one arising under the Employment Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*

## II. JURISDICTION AND VENUE

3. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132 (a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. Pursuant to 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

5. Venue is proper in this District, pursuant to 29 U.S.C. §1132(e)(2), because the Plan as hereinafter defined was administered in this District and the Employer for which Plaintiff worked is located in Arkansas and within this Federal District.

6. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials; All administrative avenues of appeal have been exhausted.

### III. PARTIES

7. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

8. Plaintiff is informed and believes and thereon alleges that the **POLICY NUMBER 00493002** is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), established and maintained by the Employer.

9. Plaintiff is informed and believes and thereon alleges that **BANCORP SOUTH BANK**, initially served as the Plan Administrator and per the Plan intended to provide its employees, including Plaintiff, and employees of its subsidiaries and affiliates with income protection and continued life insurance coverage in the event of a disability.

10. Plaintiff alleges upon information and belief that Defendant Separate Defendant, **BANCORP SOUTH BANK** is, and was, a foreign for-profit corporation with the State of Arkansas to do business within the State and does conduct business within the State; the agent of service (listed as c/o below) and the address for valid and correct service is:

> **BANCORP SOUTH BANK**
> **c/o The Corporation Company**
> **d.b.a C T Corp**
> **124 West Capitol Ave, Ste 1900**
> **Little Rock, AR 72201**

11. That the Employer operated from a physical location in Fort Smith Arkansas where Plaintiff was employed; through employment at said location she was a member of the Plan and received benefits

12. That the Employer is the named fiduciary of the Plan with authority to delegate its duties and appoint Trustees of the Plan; upon information and belief The Employer granted or contracted with The Plan Administrator to make benefits decision which The Employer was provided notice.

13. Plaintiff alleges upon information and belief that Defendant **GUARDIAN LIFE INSURANCE COMPANY** is, and was, a registered insurance company with Arkansas Secretary of State  licensed and registered to do business with the State of Arkansas to do business within the State; the agent of service (listed as c/o below) and the address for valid and correct service is:

> **GUARDIAN LIFE INSURANCE COMPANY**
> **c/o Corporation Service Company**
> **300 Spring Building Ste 900**
> **300 S Spring Street**
> **Little Rock, AR 72201**

14. Plaintiff alleges upon information and belief that Defendant **GUARDIAN LIFE INSURANCE COMPANY** is, and at all relevant times was, the insurer and Claims Administrator for the Plan within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. §1002(16)(A).

15. That at all times relevant to this complaint **GUARDIAN LIFE INSURANCE COMPANY** acted as claims fiduciary for the Plan in that it received premium payments benefiting financially and also acting as the Claims Administer with the authority to approve or deny Plaintiff's benefits

16. At all relevant times, Plaintiff was a resident and citizen of the United States, an employee of

the Employer, it successors, affiliates and/or subsidiaries, and a participant in the Plan within

the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7).

17. Based upon information and belief, Plaintiff alleges that at all relevant times she was covered

under **GROUP INSURANCE POLICY NUMBER 00493002** (herein referred to as the

**PLAN**) which were issued or offered by Defendants within the State of Arkansas to

employees of The Employer that were eligible to be participants and beneficiaries of the

Plan, said employees including Plaintiff.

### IV. STANDARD OF REVIEW

18. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set

forth above or otherwise presented within this Complaint

19. That the Plan does not grant discretionary authority to The Plan Administrator, that should

the Plan grant discretionary authority Arkansas Insurance Commission's Finalized Rule 101

Titled: Prohibition On The Use Of Discretionary Clauses In Disability Income Policies – as

promulgated pursuant to Ark. Code Ann. § 23-61-108, 23-66-207, 25-15-204 and other

applicable laws or rules: prohibits any policy, contract, certificate or agreement offered or

issued in the State of Arkansas which provides for disability income protection coverage

from containing provisions purporting to reserve to the insurer discretion in interpreting the

contract terms or/and providing standards of interpretation and/or review that are inconsistent

with the laws of Arkansas.

20. That Rule 101 prevents the application of and/or use of any Discretionary Clause in

determining Plaintiff's award and/or denial of benefits.

21. Pursuant to 29 U.S.C. § 1144(b)(2)(A) if a state, in this case Arkansas, seeks to promulgate controls regarding what insurers can and cannot include in their insurance policies, ERISA's savings clause saves that statute from preemption

22. Arkansas Insurance Commission Rule 101 is not preempted by federal law

23. Arkansas Law prohibits use of discretionary clauses and the Court must apply a *De Novo* review.

24. Should Defendants argue that the Plan grants discretionary review Plaintiff request that the Court Order briefs on the matter prior to the entry of Motions for Summary Judgement for determination of benefits

## V. THE PLAN

25. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

26. The Plan provides Monthly Long-Term Disability ("LTD") benefits for Claimants that are disabled pursuant to the Plan's definition of Disabled.

## VI. DISABILITY FROM OWN/REGULAR OCCUPATION
## AND DISABLING DIAGNOSIS

27. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set

forth above or otherwise presented within this Complaint

28. **Plaintiff is disabled and worked as a Vault Teller in her regular occupation she is**

**suffering from symptoms and impairment resulting from Lumbar Nerve Root**

**Disorder, Cervical Radiculopathy, Lumbar Radiculopathy, Spondylosis of lumbosacral**

**joint without myelopathy and pain throughout their body limiting her functional ability**

**among other medical conditions.**

29. Vault Teller is a Heavy-Duty job responsible for prompt and efficient customer transactions,

ensures security of vault cash, oversees reserve cash and ships excess cash for credit to

Federal Reserve Bank, Deposits large amounts and holds uncollected funds as needed,

counts, checks and packages coins and currency, balances vault currency to system reports

and reports any discrepancies to the Branch Manager as necessary, Responsible for the

closing of the vault after business hours, perform additional duties as required. Successful

completion of Teller Training course, Close attention to detail and good organizational and

analytical skills, good understanding of BancorpSouth's products and services, ability to lift

twenty-five to fifty pounds.

30. Immediately Prior to Plaintiff disability they were employed by The Employer

31. Plaintiff became unable to function at the level required to perform the own/regular

occupation.

## VII. DISABILITY FROM ANY OCCUPATION

32. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

33. The Plan's definition of Disability changes after a set period of time as outlined by the plan contract.

## VIII. PROCEDURE

34. Plaintiff timely appealed each denial with additional medical information and testing to support their claim for benefits

35. That Defendants ignored information and testing provided by treating physicians and experts and instead relied on biased opinions presented by their in-house reviewers and retained experts

36. To date, Plaintiff continues to receive regular care and treatment by medical professionals regarding conditions causing disability

37. Plaintiff is receiving Social Security Disability Benefits based upon their disabling condition and has so since leaving employment with the Employer

38. Defendant(s) decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan based upon the substantial medical evidence in the possession of Defendant at the time of the denials. ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator discharge its duties in respect to discretionary claims processing solely in the interests of the participants and beneficiaries of the plan, and it underscores the particular

importance of accurate claims processing by insisting that administrators provide a "full and fair review" of claim denials.

39. Defendant has failed to establish any improvement or change in Plaintiff's condition or statements within the medical records supporting a change that would now allow Plaintiff the ability to work

## DEFENDANTS' CONFLICT OF INTEREST

40. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

41. At all relevant times, Defendants have been operating under an inherent and structural conflict of interest because, on the one hand, Defendants are liable for benefit payments due to Plaintiff and, on the other hand, each payment issued depletes Defendants' assets.

42. Defendants' determination was influenced by this conflict of interest.

43. Defendants pay substantial sums of money to its medical consultants and medical examinations to conduct reviews.

44. Because the medical consultants derive substantial income from performing file reviews for Defendants' insured's, the medical consultants have an incentive to provide file reviews that Defendants deem favorable in order to perform future file reviews for Defendants.

45. Defendants based their denials on the opinion of medical consultants and examiners employed by Defendants who were operating under a conflict of interest.

46. Defendants also failed to take active steps to reduce potential bias and to promote accuracy of its benefit determinations.

47. Further Arkansas Insurance Department Finalized Rules, Rule 101 – Prohibition On The Use Of Discretionary Clauses In Disability Income Policies – Section 2: Purpose characterizes Defendants position as an insurer responsible for providing disability income benefits while asserting discretionary authority to decide what benefits are due as a conflict of interest.

## COUNT I

48. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

49. Defendants had no legal or factual basis for denying Plaintiffs benefits, The Plan Administer incorrectly terminated benefits and The Employer, upon information and belief, failed in its review and acceptance of the The Plan Administrators benefits decision

50. Under the terms of the Plan, Defendants agreed to provide Plaintiff with certain disability insurance benefits in accordance with the terms and conditions set forth.

51. To date, Defendants have failed and refused to pay Plaintiff the benefits rightfully entitled.

52. Plaintiff has satisfied all conditions precedent under the LTD Plan and is thus eligible to receive benefits, additionally Plaintiff is entitled any additional benefits available under the plan or associated plans should they be awarded LTD Benefits.

53. Defendants determination that Plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable and an abuse of discretion.

54. Defendants have financial conflicts of interest with respect to handling, monitoring, and

eventually denying Plaintiffs disability benefits. Defendants have financial conflicts of interest, as both administrator of the Plan and the payor of benefits thereunder, when deciding to terminate Plaintiffs disability benefits.

55. Defendants engaged in unlawful behavior to deny Plaintiffs benefits, as evidenced by the following without limitation:

    a.   Denying benefit payments to Plaintiff at a time when they knew that she was entitled to said benefits under the terms of the LTD Plan, in bad faith and contrary to the Plan;

    b.   Unreasonably withholding payments from Plaintiff knowing the claim for benefits was valid;

    c.   Unreasonably failing to pay benefits without having any evidence, substantial or otherwise, supporting its decision to deny benefits;

    d.   Relying on non-examining physicians to deny a claim supported by the treating physician;

    e.   Failing to assess the material and substantial duties of Plaintiff s regular occupation, as defined by the Plan, to include both exertional and non-exertional or cognitive demands;

    f.   Selectively highlighting certain factors in medical or reviewing reports in order to cast a favorable light on its position, while ignoring the conclusions of Plaintiffs treating physician regarding the conditions for which she render treatment;

    g.   Basing its denial on the opinions of medical consultants and examiners employed

by Defendants and, therefore, operating under a conflict of interest;

h.   Ignoring the opinion of Plaintiffs treating physician and/or misrepresented the opinions of Plaintiff s treating physicians whose opinion supported disability and was based on substantial evidence in the claim file;

i.   Disregarding Plaintiffs treating physician's assessment of Plaintiffs medical conditions and how they restrict and limit him from performing her regular occupation or any occupation without any basis for doing so in violation of 29 C.F.R. §2560.503-l(h)(2)(iv);

j.   Disregarding Plaintiffs subjective complaints, her own assessment of her medical condition, and how she is restricted and limited from performing work functions in violation of 29 C.F.R. §2560.503-l(h)(2)(iv);

k.   Failing to provide a "full and fair review" as it was obligated to do pursuant to 29 C.F.R. §2560.503-1(h)(4);

l.   Failing to maintain and utilize "reasonable claims procedures" as it was obligated to do pursuant to 29 C.F.R. §2560.503-l(b), in violation of ERISA; and

m.   Consistently acting in their own corporate interests instead of those of the LTD Plan and its participants.

56. Plaintiff has been forced to bring the instant action as a direct result of Defendants' unlawful denial and violations of the Plan and ERISA.

57. As a direct and proximate result of Defendants' failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits since benefits were terminated

and/or denied

58. Under 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future, as well as any other benefits and reimbursements that she may be entitled to by virtue of her entitlement to disability benefits under the Plan, including those related to life insurance, together with interest thereon.

## COUNT II

59. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

60. By reason of Defendants' failure to pay Plaintiff long term disability benefits as due under the terms of the LTD Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.

61. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), with interest thereon.

## COUNT III

62. Plaintiff repeats and re-alleges herein, as through written word for word, the allegation set forth above or otherwise presented within this Complaint

63. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan.

64. Plaintiff seeks the declaration of this Court that they met the Plan definition of disability and consequently they are entitled to all benefits from the Plan to which they might be entitled

while receiving disability benefits, including continuation of life insurance coverage provided under the Plan, and reimbursement of all expenses and premiums paid for such benefits for the termination of benefits to the present, together with interest thereon.

65. In the alternative, Plaintiff seeks a remand for a determination of Plaintiffs claim consistent with the terms of the Plan.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. An award of benefits in the amount not paid to Plaintiff retroactive to the application and/or final denial and termination of benefits for LTD benefits, giving Defendant appropriate credit for benefits paid, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid;

2. Continuation of life insurance coverage provided under the Plan and all other benefits from the Plan to which Plaintiff might be entitled while receiving disability benefits, including reimbursement of all expenses and premiums paid for such benefits, together with interest thereon.

3. Award statutory penalties that may be appropriate as allowed by law;

4. Clarifying and declaring that the Plan is obligated to pay Plaintiff long term disability benefits in the future as required by the Plan;

5. An order determining Plaintiff is entitled to future disability benefits so long as she remains disabled as defined in the Plan;

6.      For reasonable attorney fees and costs incurred in this action; and

7.      For such other and further relief as the Court deems just and proper.

Respectfully Submitted,
CARMEN GENTRY

By:_____
G. E. Bryant, III, "Trae" ABA# 2013050
Bryant & Estell, LLC
312 S. 16th St.
Fort Smith, AR 72901
Phone No.:  (479) 231-4900
Fax No.:    (479) 255-9199
Email: trae@bryantestell.com